UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDIODIO NJIE et al., <br><br> Petitioners, <br><br> v. <br><br> UNKNOWN, <br><br> Respondent. | Case No. SACV 19-0409-PSG (JPR) <br><br> ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE AND ADMINISTRATIVELY CLOSING CASE |

On February 15, 2019, Petitioner Valdiodio Njie filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention in ICE custody. The Court ordered the Petition served on Respondent, and that case remains pending. See Njie v. Jennings, No. SACV 19-0314-PSG (JPR) (C.D. Cal. Feb. 15, 2019).

On March 1, 2019, Petitioner Njie filed another petition also challenging his ICE detention, but this time he was joined by two other petitioners, Clement Babatunde and Ans El Bey. The Petition claims that all are being held unlawfully because they are "parents and husbands of U.S. citizens" and "came to the United States legally." (Pet. at 1.) They allege other facts in

1

common — for example, they all allegedly paid taxes and "do not have any felonies, drug crimes, violent crimes or such" on their records. (Id.)

The Petition includes a chart with information about each Petitioner, including how long he has been in the United States and how long he has been detained. (Id. at 3.) In neither of those instances are the figures for each Petitioner the same. (See id.) Nor does the Petition anywhere state why each Petitioner is being held, what country he is allegedly removable to, whether a final order of removal has been issued, or, if so, why he has not yet been removed.[1] (See generally Pet. at 1-13.)[2]

The Petition must be summarily dismissed under Local Rule 72-3.2.[3] Petitioner Njie has already filed a Petition raising the same claims as in this new one, and that Petition remains pending. Accordingly, the Petition is improperly duplicative as to him. See Abpikar v. Benov, No. 1:12-cv-00381-LJO-DLB (HC)., 2012 WL 2376219, at *2 (E.D. Cal. June 22, 2012) (dismissing § 2241 petition as duplicative of pending such petition "to promote judicial economy and protect the parties from concurrent

---

[1] A letter apparently written by Petitioner Njie's wife indicates that he is possibly removable to Gambia. (See Pet. at 9.)

[2] For documents that are not consecutively paginated, the Court uses the pagination generated by its Case Management/ Electronic Case Filing system.

[3] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

litigation of the same claim"). Moreover, the Petition is improperly brought as a joint petition. Although the three petitioners appear to share some background facts that are relatively common among ICE detainees — for example, they have U.S.-citizen relatives and were initially in the country lawfully — the Petition does not allege any facts demonstrating that their claims are sufficiently similar to allow them to be heard together. See Heath v. Bell, 448 F. Supp. 416, 418 (M.D. Pa. 1977) (noting that rules on improper joinder apply to § 2241 petitions and severing claims into separate petitions because "the mere fact that a parole decision is involved [for each petitioner] is not enough of a connection to satisfy" requirement that claims arise from "same transaction or series of transactions").

"Petitions for a writ of habeas corpus are by nature an individual action," Borzych v. Bertrand, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997), and should generally be brought separately, by a single petitioner, to promote efficiency, see id. at 1223. This is particularly true here given that each petitioner is in pro se and cannot represent the other two petitioners, only himself. See C.D. Cal. R. 83-2.2.1 (noting that pro se parties may not delegate their representation to any other person, including "co-party in the case").

IT THEREFORE IS ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to administratively close this case.

DATED: 3/25/19

_____
PHILIP S. GUTIERREZ
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge